**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**DONNIE BOOTH,**

      **Plaintiff,**

**v.**                                           **Civil Action No.** _2:22-cv-00076_

**CITY OF ST. ALBANS/ SAINT ALBANS**
**POLICE DEPARTMENT**
**and PATROLMAN M.W. COOPER,**

      **Defendants.**

## <u>COMPLAINT</u>

Comes now, Donnie Booth, by counsel, Stroebel & Stroebel, P.L.L.C. and for his Complaint, states as follows:

1. Plaintiff, Donnie Booth, was arrested on or about March 10, 2020 by the defendant police officer M.W. Cooper. Plaintiff was a resident of Kanawha County West Virginia at the time of his arrest and is currently a resident of Kanawha County West Virginia. Plaintiff's claims are made pursuant to 42 USC § 1983 as well as state common/statutory laws. When applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2. Defendant City of St. Albans employed the individual officer that slammed plaintiff into the ground and used excessive force against the plaintiff, causing him serious bodily injuries. Defendant City of St. Albans is a political subdivision as defined under West Virginia law. As such, the City of St. Albans is liable to plaintiff pursuant to the provisions of 42 U.S.C. § 1983 for the conduct set forth in Count IV of the Complaint. Specifically, Defendant St. Albans has a custom, policy, or practice of allowing its officers to use excessive force without the fear of being disciplined for such conduct.

3.      Upon information and belief, Defendant, Patrolman M.W. Cooper was employed by the City of St. Albans and was acting under the color of state law at the time he slammed plaintiff into the ground without cause. Defendant Cooper is being sued in his individual capacity. Plaintiff seeks damages up to the amount of insurance available if applicable.

4.      Defendant Cooper was acting under the color of state law at the time he slammed plaintiff to the ground as described herein.  Prior to this encounter, plaintiff was at the BP gas station at the intersection of Walnut Street and Kanawha Terrace. When Defendant Cooper arrived at the BP gas station, Plaintiff approached the Defendant and began speaking with him. During the conversation Plaintiff pulled his phone out in an attempt to record the conversation. As Plaintiff was attempting to record the conversation, Defendant Cooper rushed at Plaintiff, grabbed Plaintiff and violently threw him to the ground. Once on the ground, Defendant Cooper continually placed his knee and forearm into Plaintiff's head and neck area, pinning plaintiff on the ground. The force was excessive and unnecessary as plaintiff was not resisting. This incident was recorded on security camera footage from the BP gas station.  The defendant did not have an arrest warrant or a search warrant for Mr. Booth.  Defendant knew through his training and legal precedent that such conduct is a constitutional violation. These actions caused serious bodily injury and required that plaintiff be taken to the hospital for evaluation and treatment.  Specifically, plaintiff suffered lacerations to his face and head, contusions and a fracture of the orbital floor.

5.      Defendant Cooper would have known that his conduct was a violation of plaintiff's constitutional rights at the time he slammed plaintiff into the pavement without just cause when plaintiff was not resisting and was not a danger to himself or anyone else.

### COUNT I - VIOLATIONS OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION

6.　　Plaintiff re-alleges and incorporates paragraphs 1 through 5 above as if fully set forth herein.

7.　　Defendant Cooper, as set forth hereinabove, slammed Plaintiff into the ground using excessive force, which was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation on Plaintiff. At no time did Plaintiff pose a threat to Defendant or did Plaintiff resist.

8.　　The excessive force and conduct described in paragraphs 4, 5, and other paragraphs above and as used against Plaintiff by the Defendant was a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity.  This conduct is actionable pursuant to 42 USC § 1983.

9.　　Slamming Plaintiff's head into the ground and the battery of Plaintiff by the Defendant was excessive, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from excessive force and unlawful searches and seizures. Further, Defendant's acts, as set forth hereinabove, were done while he was acting under the color of state law.  The Defendant would have known from his training and legal precedent that such conduct was a violation of plaintiff's constitutional rights.

10.　　As a result of the aforementioned, Plaintiff required medical treatment at the hospital.  Plaintiff suffered an orbital fracture, a large laceration over his right eyebrow that required stiches, and a piece of gravel requiring removal from his forehead.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been damaged,

with emotional distress, violation of his rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II - BATTERY

11.    Plaintiff re-alleges and incorporates paragraphs 1 through 10 above as if fully set forth herein.

12.    Defendant Cooper battered Plaintiff at the time of his arrest when he slammed Plaintiff's head onto the ground and continued to place his knee and forearm into plaintiff's head and neck area when he was not resisting and laying on the ground.

13.    As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff suffered an orbital fracture, a large laceration over his right eyebrow that required stiches, and a piece of gravel requiring removal from his forehead.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT III – RECKLESSNESS/MALICIOUS CONDUCT

14.    Plaintiff re-alleges and incorporates paragraphs 1 through 13 above as if fully set forth herein.

15.    Defendant Cooper acted recklessly and/or maliciously when he slammed Plaintiff's head onto the ground and then continued to place his knee and forearm into plaintiff's head and neck area when he was not resisting.

16.    The malicious nature of these acts is demonstrated by the video showing the unnecessary and unwarranted attack as well as this continual pressure placed upon plaintiff's head

and neck.  Plaintiff did not resist at any time during this encounter.

17.     The conduct of defendant as described herein was in bad faith and carried out in a wanton, reckless, and malicious manner is actionable pursuant to W.Va. Code § 29-12A-5.

18.     As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff suffered an orbital fracture, a large laceration over his right eyebrow that required stiches, and a piece of gravel requiring removal from his forehead.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

### COUNT IV – VIOLATION OF 42 USC § 1983-DELIBERATE INDIFFERENCE

19.     Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendant City of St. Albans is liable pursuant to 42 USC § 1983 for the excessive force used against plaintiff.  Specifically, Defendant City of St. Albans has a custom, history and policy that allows its officers to use excessive force without consequence.  Their deliberate indifference to the excessive force used against plaintiff is evident through their failure to address, train or discipline the officer involved in the excessive use of force event described herein, as well as failing to address, train, or discipline officers involved in other incidents violating other individuals' constitutional rights.  An impartial review of the video would require the City take action to discipline or train the officer involved.  Upon information and belief, the City has taken no steps to discipline the officer named herein.  The failure of the City to take action, now and in the past, perpetuates the ongoing use of excessive force by City employees such as Defendant Cooper.  This policy results in the citizens of St. Albans, and in this instance Mr. Booth, having

his constitutional rights violated during the arrest.

21.    The acquiescence to and acceptance of such wrongful conduct is a proximate cause of past and ongoing uses of excessive force against Mr. Booth and other citizens.

22.    As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff suffered an orbital fracture, a large laceration over his right eyebrow that required stiches, and a piece of gravel requiring removal from his forehead.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages as well as attorney fees and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff does not seek direct punitive damages from the municipality.

PLAINTIFF DEMANDS A TRIAL BY JURY.

> DONNIE BOOTH,
> By Counsel,
>
> /s/ Paul E. Stroebel
> Paul E. Stroebel, Esquire (WV BAR 13269)
> Attorney for Plaintiff
> Stroebel & Stroebel, PLLC
> 405 Capitol Street; Suite 102
> P.O. Box 2582
> Charleston, WV 25329
> Telephone: (304) 346-0197
> Fax: (304) 346-6029
> E-mail: paulstroebel1@gmail.com